MICHAEL G. COLANTUONO, State Bar No. 143551
mcolantuono@chwlaw.us
PAMELA K. GRAHAM, State Bar No. 216309
pgraham@chwlaw.us
ADAM N. MENTZER, State Bar No. 355197
amentzer@chwlaw.us
**COLANTUONO, HIGHSMITH & WHATLEY, PC**
670 West Napa Street, Suite F
Sonoma, California 95476
Telephone:     (530) 432-7357
Facsimile:      (530) 432-7356

John D. Lê, State Bar No. 253294
City Attorney
jle@cityofepa.org
City of East Palo Alto
2415 University Avenue, 2nd Fl.
East Palo Alto, CA 94303
(650) 853-5901

Attorneys for City of East Palo Alto

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Wesley Yu,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>City of East Palo Alto,<br><br>　　　　Defendant. | Case No. 3:25-cv-06456<br><br>**DEFENDANT CITY OF EAST PALO ALTO'S ANSWER TO COMPLAINT**<br><br>Judge:　　　Hon. Joseph C. Spero<br><br>Action Filed:　July 31, 2025 |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant City of East Palo Alto (hereinafter, "Defendant" or "City") answers the Complaint of Plaintiff Wesley Yu ("Plaintiff") by admitting, denying and alleging as follows. If an averment is not specifically admitted, it is hereby denied.

## ANSWER TO COMPLAINT

1. Answering Paragraph 1, Defendant admits that Plaintiff applied to the City of East Palo Alto to split his lot located at 1257 Laurel Avenue in East Palo Alto and that Defendant approved the lot split. Defendant further admits that Plaintiff applied to the City of East Palo Alto for a permit to construct two new residential units comprised of a single family home with an accessory dwelling unit ("ADU") on the newly created vacant lot. Defendant lacks information or belief sufficient to answer the remaining factual allegations of Paragraph 1, and, on that basis, denies each and every allegation thereof. Paragraph 1 further contains legal theory, conclusions, and argument requiring no response.

2. Answering Paragraph 2, Defendant admits that Defendant informed Plaintiff that Plaintiff would not be eligible to receive a building permit until he complied with the City's Inclusionary Housing Ordinance, East Palo Alto Municipal Code § 18.37.010 et seq. (hereinafter, the "Inclusionary Housing Ordinance"), including the submission and approval of the required Inclusionary/Affordable Housing Plan and Fair Housing and Marketing Plan. The contents of the City's Inclusionary Housing Ordinance speak for itself. Except as expressly admitted herein, Defendant denies each and every factual allegation contained therein. Paragraph 2 further contains legal theory, conclusions, and argument requiring no response.

3. Paragraph 3 consists of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 3 contains any factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

4. Answering Paragraph 4, the Complaint speaks for itself. Paragraph 4 consists of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 4 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

5. Answering Paragraph 5, the Complaint speaks for itself. Paragraph 5 consists of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 5 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

6. Answering Paragraph 6, the Complaint speaks for itself. Paragraph 6 consists of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 6 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

7. Answering Paragraph 7, Defendant admits that the real property that is the subject of the Complaint at 1257 Laurel Avenue (the "Property") is located in East Palo Alto, California. As to the remaining allegations, they consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 7 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

8. Defendant lacks information or belief sufficient to answer the factual allegations of Paragraph 8, and, on that basis, denies each and every allegation thereof. Paragraph 8 further contains legal theory, conclusions, and argument requiring no response.

9. Answering Paragraph 9, Defendant admits that it is a municipal corporation of the State of California and the local governing authority of the City of East Palo Alto. As to the remaining allegations, they consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 9 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

10. Paragraph 10 consists of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 10 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

11. Answering Paragraph 11 and footnote 1 included therein, Exhibit A attached to the Complaint appears to be a copy of the City's Inclusionary Housing Ordinance, East Palo Alto Municipal Code § 18.37.010 et seq., the contents of which speak for itself. Paragraph 11 otherwise consists of legal theory, conclusions, and argument requiring no response. To the extent Paragraph

11 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

12. Answering Paragraph 12, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 12 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

13. Answering Paragraph 13, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 13 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

14. Answering Paragraph 14, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 14 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

15. Answering Paragraph 15, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 15 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

16. Answering Paragraph 16, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 16 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

17. Answering Paragraph 17, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 17 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

18. Answering Paragraph 18, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions,

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

409837.3

and argument requiring no response. To the extent Paragraph 18 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

19. Answering Paragraph 19, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 19 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

20. Answering Paragraph 20, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 20 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

21. Answering Paragraph 21, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 21 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

22. Answering Paragraph 22, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 22 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

23. Answering Paragraph 23, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 23 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

24. Answering Paragraph 24, the content of the City's Inclusionary Housing Ordinance speaks for itself. The remaining allegations in this Paragraph consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 24 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

25. Answering Paragraph 25 and footnote 2 included therein, Defendant admits that its website contains guidance documents related to the Inclusionary Housing Ordinance. Those

guidance documents as well as the City's Inclusionary Housing Ordinance are documents that speak for themselves. As to the remaining allegations, they consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 25 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

26. Answering Paragraph 26, Exhibit B appears to be a copy of Chapter 4 Rental of Inclusionary Units – Section 18.27.100 of the City's Inclusionary Housing Guidelines, with a publication date of February 8, 2021, the contents of which speaks for itself. The remaining allegations in Paragraph 26 consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 26 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

27. Answering Paragraph 27, Exhibit B appears to be a copy of Chapter 4 Rental of Inclusionary Units – Section 18.27.100 of the City's Inclusionary Housing Guidelines, with a publication date of February 8, 2021, the contents of which speaks for itself. The remaining allegations in Paragraph 27 consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 27 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

28. Answering Paragraph 28, Exhibit B appears to be a copy of Chapter 4 Rental of Inclusionary Units – Section 18.27.100 of the City's Inclusionary Housing Guidelines, with a publication date of February 8, 2021, the contents of which speaks for itself. The remaining allegations in Paragraph 28 consist of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 28 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

29. Answering Paragraph 29, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies each and every allegation thereof.

30. Answering Paragraph 30, Defendant admits that it approved Plaintiff's application for a lot split of the Property (parcal map only) and an initial plan for Plaintiff's proposed new single-family home and ADU in late 2024. Except as expressly admitted herein, Defendant denies

each and every factual allegation contained therein. Paragraph 30 further contains legal theory, conclusions, and argument requiring no response.

31. Answering Paragraph 31, Defendant admits that in or before May 2025, staff of Defendant had mistakenly believed that she had erroneously given Plaintiff some project approvals before Plaintiff had complied with certain requirements of the City's Inclusionary Housing Ordinance, including submission of an Inclusionary Housing Plan. Defendant further admits that Housing Project Manager Yajaira Morales sent Plaintiff an email on or about April 14, 2025 stating: "Good morning, Mr. Yu, [paragraph break] Thank you for taking the time to speak with me earlier today. As discussed, please find below the list of documentation that needs to be submitted for review and approval by the housing department. [paragraph break] Please note that the building review cannot proceed until this portion is completed. [paragraph break] Let me know if you have any questions. [paragraph break] Best regards, [signature]." The email chain attached to the Complaint as Exhibit C is a document that speaks for itself and is the best evidence of its contents. Except as expressly admitted herein, Defendant denies each and every factual allegation contained therein.

32. Answering Paragraph 32, Defendant admits that in response to Ms. Morales' communication referenced in Paragraph 31 of the Complaint, Plaintiff responded and: (a) asked if he could "request alternative compliance and/or city council review regarding this matter?"; (b) claimed that "$55K is a lot of money for the in lieu fee and my family is struggling to pay bills because of lost jobs / income with industry collapse."; (c) asserted that he was "helping the city build much needed housing units"; and (d) speculated without explanation that "the in lieu of fee would actually DECREASE affordability of housing." The email chain attached to the Complaint as Exhibit C is a document that speaks for itself and is the best evidence of its contents. Except as expressly admitted herein, Defendant denies each and every factual allegation contained therein.

33. Answering Paragraph 33, Defendant admits that: (a) Plaintiff sent his response referenced in Paragraph 32 of the Complaint to East Palo Alto Vice Mayor in addition to Ms. Morales; (b) Vice Mayor stated he personally "support[s] waiving the fee" with respect to Plaintiff's project; (c) Vice Mayor opined that the in lieu of fee was a "regressive tax which makes

housing more expensive, and the logic behind it is deeply flawed."; and (d) Vice Mayor stated that he "hoped we can find a way to move this project forward and not block it with arbitrary and high fees." The email chain attached to the Complaint as Exhibit C is a document that speaks for itself and is the best evidence of its contents. Except as expressly admitted herein, Defendant denies each and every factual allegation contained therein.

34. Answering Paragraph 34, Defendant admits that Ms. Morales sent Plaintiff an email: (a) stating that "[u]nfortunately, the [Ordinance] is still active, and at this time, it does not provide for alternative compliance or exemption based on financial hardship."; (b) stating that "[w]hile the [O]rdinance allows for options such as in-lieu fees or off-site unit construction, these options include increased inclusionary requirements and do not wave the fee based on personal financial circumstances… [and would] require review and approval by the City Council."; and (c) indicating that if Plaintiff opted for the in-lieu fee, that it would need to "be paid before the building permit can be issued." The email chain attached to the Complaint as Exhibit C is a document that speaks for itself and is the best evidence of its contents. Except as expressly admitted herein, Defendant denies each and every factual allegation contained therein.

35. Answering Paragraph 35, Defendant admits the factual allegation.

36. Answering Paragraph 36, Defendant admits that after May 1, 2025, Ms. Morales sent Plaintiff an email stating that "your project **will not be eligible** to receive **a building permit** until it has completed the necessary steps with the Housing Team. This includes submission and approval of the required Inclusionary Housing Plan." Defendant denies that Exhibit C attached to the Complaint, which speaks for itself, contains any such statement. Defendant admits that a copy of this email appears to be attached to the Complaint as Exhibit D. Except as expressly admitted herein, Defendant denies each and every factual allegation contained therein.

37. Paragraph 37 consists of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 37 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

38. Paragraph 38 consists of legal theory, conclusions, and argument requiring no response. To the extent Paragraph 38 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

39. Answering Paragraph 39, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations of Paragraph 39 and on that basis denies each and every allegation thereof. Paragraph 39 also consists of legal theory, conclusions, and argument requiring no response.

40. Answering Paragraph 40, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies each and every allegation thereof. Paragraph 40 also consists of legal theory, conclusions, and argument requiring no response.

41. Paragraph 41 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 41 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

42. Paragraph 42 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 42 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

43. Paragraph 43 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 43 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

44. Answering Paragraph 44, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies each and every allegation thereof. Paragraph 44 also consists of legal theory, conclusions, and argument requiring no response.

45. Paragraph 45 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 45 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

46. Paragraph 46 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 46 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein..

47. Paragraph 47 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 47 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein..

48. No response is required to Paragraph 48 as it merely incorporates prior allegations. To the extent a response is required, Defendant restates its answers to Paragraphs 1-47 of this Answer and incorporates them by reference herein as if set forth in full in this paragraph. Further, to the extent Paragraph 48 includes any remaining allegations not already answered by this paragraph to which a response is required, Defendant denies all such remaining allegations.

49. Paragraph 49 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 49 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein..

50. Paragraph 50 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 50 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

51. Paragraph 51 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 51 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein..

52. Paragraph 52 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 52 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

53. Answering Paragraph 53, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegation regarding Plaintiff's United States citizenship status and on that basis denies each and every allegation thereof. Paragraph 53 further consists of legal theory, conclusions, and argument to which no answer is required. To the extent

Paragraph 53 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

54. Paragraph 54 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 54 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

55. Paragraph 55 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 55 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

56. Paragraph 56 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 56 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

57. Paragraph 57 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 57 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

58. Paragraph 58 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 58 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

59. Paragraph 59 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 59 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

60. Paragraph 60 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 60 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

61. Paragraph 61 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 61 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

409837.3

11         Case No. 3:25-cv-06456
DEFENDANT CITY OF EAST PALO ALTO'S ANSWER TO COMPLAINT

62. Paragraph 62 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 62 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

63. Paragraph 63 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 63 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

64. Paragraph 64 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 64 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

65. Paragraph 65 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 65 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

66. Paragraph 66 consists of legal theory, conclusions, and argument to which no answer is required. To the extent Paragraph 66 contains factual allegations to which a response is required, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint or assuming the burden of proof as to any of the following claims, defenses, or issues, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1. As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

2. As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies. Plaintiff did not request a waiver,

adjustment, or reduction of the City's Inclusionary Housing Ordinance's in-lieu of fee or affordable housing requirements as provided for in East Palo Alto Municipal Code section 18.37.120 on the grounds that said requirements would result in an unconstitutional taking of Plaintiff's property or would otherwise produce an unconstitutional result.

## THIRD AFFIRMATIVE DEFENSE

### (Ripeness)

3.  As a separate and third affirmative defense, Defendant alleges that Plaintiff's cause of action is not ripe and Plaintiff is not entitled to relief. Whether Defendant makes its issuance of a building permit for Plaintiff's project contingent upon Plaintiff's payment of an in-lieu of fee or reservation of a new unit as affordable housing, or whether Defendant waives such conditions altogether, is dependent upon Plaintiff's completion of the Inclusionary Housing Plan process. Plaintiff has not submitted an Inclusionary Housing Plan to Defendant and Defendant has not imposed any specific conditions on the issuance of a building permit to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.  As a separate and fourth affirmative defense, Defendant alleges that Plaintiff has waived his right to maintain his cause of action by refusing to seek relief from the Ordinance on constitutional grounds through Defendant's administrative process.

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

5.  As a separate and fifth affirmative defense, Defendant alleges that Plaintiff lacks standing to bring all or some of the claims or causes of action in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.  As a separate and sixth affirmative defense, Defendant alleges that the Complaint and each and every purported cause of action contained therein is barred in whole or in part by any and all applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7. As a separate and seventh affirmative defense, Defendant alleges that Plaintiff is estopped, legally and equitably, by action of law or by conduct from maintaining the Complaint or any cause of action in the Complaint to the extent Plaintiff committed acts and/or omissions that bar or reduce his ability to pursue these claims against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Equitable Relief)

8. As a separate and eighth affirmative defense, Defendant alleges Plaintiff is not entitled to relief in equity because the balance of harms does not warrant equitable relief.

## NINTH AFFIRMATIVE DEFENSE

### (Attorney Fees Not Recoverable)

9. As a separate and ninth affirmative defense, Defendant alleges the Complaint and each cause of action therein fails to set forth facts that constitute a basis for an award of attorneys fees.

## TENTH AFFIRMATIVE DEFENSE

### (Costs of Suit Not Recoverable)

10. As a separate and tenth affirmative defense, Defendant alleges the Complaint fails to set forth facts that would constitute a basis for an award of costs of suit against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Contrary to Public Policy)

11. As a separate and eleventh affirmative defense, Defendant alleges the Complaint is barred, in whole or in part, as contrary to public policy.

## TWELFTH AFFIRMATIVE DEFENSE

### (Immunity)

12. As a separate and twelfth affirmative defense, Defendant alleges the Complaint is barred, in whole or in part, because Defendant is expressly authorized by law to engage in the acts or conduct alleged in the Complaint and Defendant is immune from liability for failing to take a

demanded legislative or quasi-legislative action. Plaintiff's claims are barred to the extent that Defendant has been granted immunity by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Acts in Accordance with Law and Substantial Evidence)**

13. As a separate and thirteenth affirmative defense, Defendant alleges that with respect to all actions referred to in the Complaint, Defendant (a) proceeded in the manner required by law; (b) did not act arbitrarily, capriciously, or wholly without evidentiary support; (c) did not abuse its discretion; and (d) made all required findings, which supported Defendant's actions and were themselves supported by substantial evidence.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Additional Defenses)**

14. As a separate and fourteenth affirmative defense, Defendant has insufficient information and knowledge at present on which to form a belief as to whether it may have additional, as yet unstated, defenses to this lawsuit.

WHEREFORE, Defendant prays for judgment as follows:

1. That the Court deny Plaintiff's request for declaratory relief;
2. That the Court deny Plaintiff's request for injunctive relief;
3. That the Court deny Plaintiff's request for costs of suit and attorney's fees;
4. That the Complaint be dismissed, with prejudice and in its entirety;
5. That Plaintiff take nothing by this action, and that judgment be entered against Plaintiff and in favor of Defendant;
6. That Defendant be awarded its costs and attorney's fees incurred in defending this action;
7. For such other relief as the Court deems proper.

| | |
|---|---|
| DATED: September 8, 2025 | COLANTUONO, HIGHSMITH & WHATLEY, PC<br><br>*/s/ Pamela K. Graham*<br>_____<br>MICHAEL G. COLANTUONO<br>PAMELA K. GRAHAM<br>ADAM N. MENTZER<br>Attorneys for City of East Palo Alto |

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

409837.3

16   Case No. 3:25-cv-06456
DEFENDANT CITY OF EAST PALO ALTO'S ANSWER TO COMPLAINT

# PROOF OF SERVICE

### Yu v. City of East Palo Alto
### 3:25-cv-06456

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 790 E. Colorado Boulevard, Suite 850, Pasadena, CA 91101-2109.

On September 8, 2025, I served true copies of the following document(s) described as **DEFENDANT'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kgogan@chwlaw.us to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 8, 2025, at La Canada Flintridge, California.

                          /s/ Kerry M. Gogan
                          Kerry M. Gogan

---

**COLANTUONO, HIGHSMITH & WHATLEY, PC**
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

408549.2

1                                                            Case No. 3:25-cv-06456

DEFENDANT'S ANSWER TO COMPLAINT

**SERVICE LIST**
**Yu v. City of East Palo Alto**
**3:25-cv-06456**

| | |
|---|---|
| David J. Deerson, Esq. | Attorney for Plaintiff Westley Yu |
| Email: ddeerson@pacificlegal.com | |
| Pacific Legal Foundation | |
| 555 Capitol Mall, Suite 1290 | |
| Sacramento, CA 95814 | |
| | |
| Austin W. Waisanen | |
| Email: awaisanen@pacificlegal.com | |
| Pacific Legal Foundation | |
| 3100 Clarendon Blvd., Suite 1000 | |
| Arlington, VA 22201 | |

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

408549.2

2                                                                 Case No. 3:25-cv-06456
ANSWER TO COMPLAINT