MICHAEL G. COLANTUONO, State Bar No. 143551
mcolantuono@chwlaw.us
PAMELA K. GRAHAM, State Bar No. 216309
pgraham@chwlaw.us
ADAM N. MENTZER, State Bar No. 355197
amentzer@chwlaw.us
**COLANTUONO, HIGHSMITH & WHATLEY, PC**
670 West Napa Street, Suite F
Sonoma, California 95476
Telephone:    (530) 432-7357
Facsimile:    (530) 432-7356

John D. Lê, State Bar No. 253294
**City Attorney**
jle@cityofepa.org
City of East Palo Alto
2415 University Avenue, 2nd Fl.
East Palo Alto, CA 94303
(650) 853-5901

Attorneys for Defendant City of East Palo Alto

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WESLEY YU,<br><br>             Plaintiff,<br><br>     v.<br><br>CITY OF EAST PALO ALTO,<br><br>             Defendant. | Case No. 3:25-cv-06456<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:            October 29, 2025<br>Crtrm.:          D<br>Judge:          Joseph C. Spero<br><br>Complaint served:   August 1, 2025 |

Pursuant to the Court's Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. 7) and Civil Local Rule 16-9, Plaintiff WESLEY YU. ("Yu") and Defendants CITY OF EAST PALO ALTO ("City"), by and through their counsel of record, submit the following Joint Case Management Statement.

On September 16, 2025, the City Council of the City of East Palo Alto adopted Ordinance No. 06-2025 (the "Ordinance") amending Section 18.37.040 of the City of East Palo Alto Municipal Code to exempt residential developments for which a lot split has been ministerially approved pursuant to California Government Code Section 66411.7 (commonly known as "SB 9") from the City's Inclusionary Housing Ordinance codified in Chapter 18.37 of the East Palo Alto Municipal Code.[1] As of the date of this filing, the time within which voters of the City may challenge the Ordinance by referendum has elapsed. Cal. Elec. Code, § 9237.

On October 20, 2025, the parties' counsel met and conferred by video conference to discuss the next steps in this litigation in light of the City's adoption of the Ordinance. During that meeting, Plaintiff agreed to dismiss this case as moot. Plaintiff will file an attorney fees motion to seek to recover fees under 42 U.S.C. § 1988. As a result of the forthcoming dismissal, the Parties did not substantively address either initial disclosures or the requirements of Rule 26 of the Federal Rules of Civil Procedure to substantively address the topics set forth in the Standing Order for All Judges of the Northern District of California.

DATED: October 21, 2025

COLANTUONO, HIGHSMITH & WHATLEY, PC

*Pamela K. Graham*

MICHAEL G. COLANTUONO
PAMELA K. GRAHAM
ADAM N. MENTZER
Attorneys for Defendant
CITY OF EAST PALO ALTO

---

[1] A true and correct copy of the Ordinance is attached hereto as **Exhibit A**.

| | |
|---|---|
| DATED: October 21, 2025 | **PACIFIC LEGAL FOUNDATION** |
| | /s/*Austin Waisanen* |
| | DAVID J. DEERSON |
| | AUSTIN W. WAISANEN |
| | Attorneys for Plaintiff |
| | WESLEY YU |

**COLANTUONO, HIGHSMITH & WHATLEY, PC**
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

420855.4

3
JOINT CASE MANAGEMENT STATEMENT
*Case No. 3:25-cv-06456*

## PROOF OF SERVICE

### Yu v. City of East Palo Alto
### 3:25-cv-06456

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 790 E. Colorado Boulevard, Suite 850, Pasadena, CA 91101-2109.

On October 21, 2025, I served true copies of the following document(s) described as **JOINT CASE MANAGEMENT STATEMENT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kgogan@chwlaw.us to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 21, 2025, at La Canada Flintridge, California.

         /s/ Kerry M. Gogan
   Kerry M. Gogan

1   Case No. 3:25-cv-06456
JOINT CASE MANAGEMENT STATEMENT

COLANTUONO, HIGHSMITH & WHATLEY, PC
670 WEST NAPA STREET, SUITE F
SONOMA, CALIFORNIA 95476

420855.4

# EXHIBIT A

ORDINANCE NO. 06-2025

AN ORDINANCE OF THE CITY COUNCIL
OF THE CITY OF EAST PALO ALTO

AMENDING SECTION 18.37.040 (EXEMPTIONS) OF ARTICLE III (REGULATIONS APPLICABLE TO ALL ZONES) OF CHAPTER 18.37 (INCLUSIONARY HOUSING) OF THE EAST PALO ALTO MUNICIPAL CODE TO FACILITATE LOT SPLITS PURSUANT TO GOVERNMENT CODE SECTION 66411.7 ("SB 9")

**WHEREAS**, California Government Code Section 65580(d) states that all cities have a responsibility to use the powers vested in them to facilitate the improvement and development of housing and to make adequate provision for the housing needs of all economic segments of the community; and

**WHEREAS**, at a duly noticed public hearing held on September 23, 2019, the Planning Commission considered adding Chapter 18.37 to the Municipal Code; and

**WHEREAS**, by Resolution PC 2019-08, on September 23, 2019, the Planning Commission recommended the City Council adopt the City's current Inclusionary Housing Ordinance (Chapter 18.37); and

**WHEREAS**, the East Palo Alto City Council held a duly noticed public hearing on October 15, 2019 to consider the proposed addition of Chapter 18.37 to the Municipal Code; and

**WHEREAS**, on November 19, 2019, the East Palo Alto City Council found and declared, and on that basis adopted the City's Inclusionary Housing Ordinance, codified at 18.37.010 et seq., that the demand for housing in the City and the region more generally had increased steadily in recent years, that the City had and continues to have dire need for affordable housing as identified in its Housing Element (which has only increased substantially since that time), that the lack of affordable housing is a public health, safety and welfare issue well within the City's police power authority to address, and that the construction of market-rate housing exacerbates this problem because such housing increases the demand for services, the presence of service employees (e.g., construction, maintenance, food service, and administrative jobs), and the need for affordable housing to accommodate such workers; and

**WHEREAS**, several significant changes have occurred since the City adopted its current Inclusionary Housing Ordinance; and

**WHEREAS**, first, as housing affordability remains a significant issue in the State of California, the Legislature has adopted over 50 significant bills since 2019 that affect and incentivize the creation of housing, including SB 9 (2021), which aimed to address the State's severe housing shortage by making it easier to create new, smaller housing units on existing single-family lots (i.e., to provide for the "missing middle"), thereby increasing the overall housing supply; and

**WHEREAS**, the East Palo Alto City Council approved and the California Department of Housing and Community Development (HCD) certified the City's Housing Element Update (RHNA 5 Cycle) on April 24, 2024, a document in which HCD recognized that the City's Inclusionary Housing Ordinance prevented displacement, addressed inequities, affirmatively furthered fair housing, and functioned as a tool to increase affordable housing; yet at the same time that document also included pledges from the City to conduct a periodic assessment of the Inclusionary Housing Ordinance to evaluate changing market and financing conditions and rising development costs ("Evaluate the effectiveness of the Inclusionary Housing Ordinance") and which committed the City to conduct a financial feasibility analysis that would assess the impact of governmental constraints, including inclusionary housing requirements, on the financial feasibility of future projects as such an analysis would provide useful information for a subsequent assessment of the Inclusionary Housing Ordinance; and

**WHEREAS**, since the last local election in 2024, the East Palo Alto City Council publicly noted the need to consider potential amendments to the City's Inclusionary Housing Ordinance to address various issues, including incentivizing housing development; and

**WHEREAS**, the East Palo Alto Council recognizes that while the City of East Palo Alto has the plenary police power authority to provide for affordable housing through various local laws, including a robust Inclusionary Housing Ordinance, it also has a desire to support the construction of housing for the "missing middle"—households that can afford market-rate housing but not expensive single-family homes, as has been increasingly common in the greater Bay Area.

**NOW, THEREFORE, THE CITY COUNCIL OF THE CITY OF EAST PALO ALTO DOES ORDAIN AS FOLLOWS:**

**SECTION 1.** **INCORPORATION OF RECITALS.** The City Council finds that all the foregoing recitals are true and correct and incorporated herein by reference.

**SECTION 2.** **AMENDMENT TO ADD AN EXEMPTION.** Section 18.37.040 (Exemptions) Article III (REGULATIONS APPLICATION TO ALL ZONES) of Chapter 18.37 (INCLUSIONARY HOUSING) of the City of East Palo Alto Municipal Code is hereby amended as follows (amendments in redline; otherwise, no change):

**18.37.040 Exemptions**

A. The following residential developments shall be exempt from the provisions of this chapter:

1. Residential developments which are developed in accordance with the terms of a development agreement adopted by ordinance pursuant to the authority and provisions of California Government Code Section 65864 et seq., and that is executed prior to the effective date of the ordinance codified in this chapter, provided that such residential developments shall comply with any inclusionary housing requirements included in the development agreement or any predecessor ordinance in effect on the date the development agreement was executed.

2. Residential developments exempted by California Government Code Section 66474.2 or 66498.1, provided that such residential developments shall comply with any predecessor ordinance, resolution, or policy in effect on the date the application for the development was deemed substantially complete.

3. Residential developments for which a building permit has been issued and substantial work has been completed in good faith reliance on the permit no later than the effective date of this chapter, provided that such residential developments shall comply with any predecessor ordinance, resolution, or policy in effect on the date the application for the development was approved.

4. Residential developments for which a lot split has been ministerially approved pursuant to Government Code Section 66411.7 ("SB 9").

B. **Planning permit expiration.** Upon the expiration of any planning permit, and unless otherwise exempted, the residential development shall be subject to the inclusionary housing requirements of this chapter, and shall not proceed until such time as an inclusionary housing plan is approved in conjunction with any other required planning permit or amendment thereto. The provisions of this chapter shall also apply to any residential development which is granted a discretionary extension of a planning permit beyond its initial term, to the extent consistent with state law.

**SECTION 3.          CALIFORNIA ENVIRONMENTAL QUALITY ACT.**

This Ordinance is not subject to CEQA because it is not a "project" which would have a direct physical change or a reasonably foreseeable indirect physical change on the environment pursuant to California Environmental Quality Act ("CEQA") Guidelines section 15378(a). Even if it were a project subject to CEQA review, this project would be exempt from CEQA Guideline Section 15378(d) (regulatory actions), Section 15061(b)(3) (common sense exemption), Section 15378(b)(4) (funding government services), Section

15183 (actions consistent with the general plan and zoning) and Section 15195 (residential infill development).

### SECTION 4.    IMPLIED REPEAL.

Any provision of the East Palo Alto Municipal Code inconsistent with this Ordinance, to the extent of such inconsistencies and no further, is hereby repealed or modified to the extent necessary to effectuate this Ordinance.

### SECTION 5.    SEVERABILITY.

If any section, subsection, sentence, clause, phrase, or word of this Ordinance is for any reason held to be invalid by a court of competent jurisdiction, such decision shall not affect the validity of the remaining portions of this Ordinance. The City Council hereby declares it would have passed and adopted this Ordinance, and each and all provisions hereof, irrespective of the fact that one or more provisions may be declared invalid.

### SECTION 6.    EFFECTIVE DATE.

This Ordinance shall take effect and be in full force thirty (30) days after the date of its adoption.

### SECTION 7.    PUBLICATION.

The City Clerk is hereby directed to cause publication of this Ordinance as required by Government Code Section 36933.

This Ordinance was introduced at the September 10, 2025 meeting of the City Council of the City of East Palo Alto.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]

**PASSED AND ADOPTED** this 16th day of September 2025 by the following vote:

AYES:     ABRICA, BARRAGAN, DINAN, ROMERO, LINCOLN

NOES:

ABSENT:

ABSTAIN:

_____
Martha Barragan, Mayor

ATTEST:

_____
James Colin, City Clerk

APPROVED AS TO FORM:

_____
John D. Lê, City Attorney

**SERVICE LIST**
**Yu v. City of East Palo Alto**
**3:25-cv-06456**

| | |
|---|---|
| David J. Deerson, Esq. | Attorney for Plaintiff Westley Yu |
| Email: ddeerson@pacificlegal.com | |
| Pacific Legal Foundation | |
| 555 Capitol Mall, Suite 1290 | |
| Sacramento, CA 95814 | |
| | |
| Austin W. Waisanen | |
| Email: awaisanen@pacificlegal.com | |
| Pacific Legal Foundation | |
| 3100 Clarendon Blvd., Suite 1000 | |
| Arlington, VA 22201 | |